González Román, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
Se recurre ante nos de una decisión del Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de San Juan, imponiendo una multa de Doscientos Cincuenta Dólares ($250), correspondiente a una infracción a la Ordenanza Municipal Núm. 10, serie 1984-85, emitida por el Municipio de San Juan al apelante, Sr. Victor Rivera Sánchez. Se le imputó al apelante haber estacionado un vehículo de su propiedad, marca Subaru, modelo 1984, frente a una rampa para impedidos en la Calle Hipódromo, esquina Avenida Fernández Juncos en Santurce, Puerto Rico.
*1075 En el escrito de Apelación, presentado el 26 de julio de 1995, el apelante hace dos señalamientos de error, a saber:

"1. Erró el Hon. Tribunal de Distrito de San Juan al declarar sin lugar el recurso de revisión y por ende confirmar la multa de $250.00 impuesta contra el recurrente-apelante por estar estacionado su vehículo frente a una rampa de impedido, en contravención a la Ordenanza 10, serie 84-85.

2. Erró el Hon. Tribunal de Distrito de San Juan al considerar que una rampa en la acera no provista de rotulación de impedidos, configura la falta administrativa impuesta, si un vehículo se estaciona frente a la misma."

La discusión de estos errores se centra básicamente en que la rampa obstruida por él, conforme a la denuncia, carece de la rotulación y pintura que, según alega, requieren los reglamentos aplicables. Está equivocado el apelante. Ciertamente, ello no tiene apoyo alguno en las disposiciones legales que el apelante nos reseña y utiliza como argumento a favor de su contención. Veamos las razones por las cuales procede confirmar la decisión del Tribunal de Primera Instancia.
Es incontrovertible el hecho de que el apelante estacionó un vehículo de su propiedad frente a una rampa para impedidos. Como puede apreciarse en una fotografía a colores, incluida como Exhibit de su solicitud de apelación, la rampa al igual que el borde de la acera, están pintadas de color amarillo, mostrando esas mismas fotografías que está marcado, además, un paso peatonal en el pavimento que conduce a la rampa.
El estacionamiento en áreas designadas como estacionamiento para personas físicamente impedidos y otros fines está debidamente reglamentado.
El Reglamento Número 2676, aprobado el 14 de julio de 1980 por Rafael Faría González, Secretario de Transportación y Obras Públicas, el cual regula la expedición, uso, renovación y cancelación de tablillas especiales y permitir el estacionamiento de vehículos de motor utilizados por personas físicamente impedidas o lisiadas, en su Parte VI, C, número 5, dispone:

"Se deberá proveer rampas de impedidos en todas aquellas intersecciones de mayor afluencia de tránsito y peatones dentro de las zonas urbanas de los municipios, a partir de la vigencia de este reglamento, su conservación y mantenimiento de dichas rampas caerá bajo la jurisdicción de los municipios concernidos."

El Reglamento antes mencionado contiene un apartado relativo al diseño de las señales especiales. Dispone que éstas serán diseñadas y fabricadas de acuerdo a las especificaciones que el Departamento de Transportación y Obras Públicas establezca en su Manual de Señales de Tránsito, Ed. 1979. Como exhibit 5-A del escrito de apelación se nos presenta el diseño del rótulo para estacionamiento de impedidos y el diseño de rampas para sillas de ruedas. Se observa que no se presenta ningún diseño de rótulo para las rampas.
Consideremos, a continuación, lo que dispone la Ordenanza Número 5, aprobada el 18 de noviembre de 1994, Serie 1994-95 sobre estacionamiento y facilidades peatonales para personas físicamente impedidas.

"Artículo 7-10 ESTACIONAMIENTO Y FACILIDADES PEATONALES PARA PERSONAS FISICAMENTE IMPEDIDAS

(A) Toda persona que estacione un vehícula en las áreas o espacios designados y 
*1076
rotulados como área de estacionamiento para vehículos de motor privados de las personas físicamente impedidas o lisiadas, sin estar debidamente autorizada y toda persona que estacione un vehículo obstruyendo una facilidad peatonal para personas físicamente impedidas o lisiadas, o a la derecha e izquierda de dichas facilidades peatonales hasta el punto donde alcancen el mismo nivel de la acera, incurrirá en una falta administrativa de tránsito y vendrá obligada una multa administrativa de doscientos cincuenta (250.00) dólares; disponiéndose que los miembros de la Guardia Municipal no podrán expedir un boleto el mismo día por violación a este artículo o por la Sección 2-410 de la Ley 141 del 20 de julio de 1960, según enmendada, cuando el vehículo en particular haya sido denunciado previamente por cualquier autoridad y el vehículo no haya sido movido dentro de ese lapso de tiempo por su conductor o dueño.

A los fines de este Artículo, el término "facilidad peatonal para personas físicamente impedidas" significará cualquier rampa, anden, estructura e instalación en una vía pública, acera o área de estacionamiento especialmente designada y reservada para permitir, facilitar o allanar el acceso, paso o traslado de personas con limitaciones en su capacidad de movimiento o cualquier vía pública, acera o lugar público o privado.

(B) El Alcalde con la aprobación de la Asamblea Municipal de San Juan, proveerá las facilidades y ordenará que se designen o reserven áreas o espacios para estacionamiento de vehículos de motor de personas físicamente impedidas o lisiadas y que se identifiquen con letreros o rótulos instalados a una altura de ocho (8) pies, aproximadamente. Estos letreros o rótulos tendrán un tamaño de 18 pulgadas de ancho por 18 pulgadas de largo e incluirán una referencia a este Artículo y la penalidad a imponerse por el estacionamiento ilegal en dichas áreas o espacios."

Como muy bien señala el Honorable Procurador General en representación del Secretario del Departamento de Transportación y Obras «Públicas, el caso de autos no es uno de estacionamiento ilegal en área designada para personas con impedimentos, sino un bloqueo a una rampa o anden que intenta eliminar barreras arquitectónicas. Las alegaciones del apelante están dirigidas a un caso de estacionamiento de un vehículo de motor en área designada para personas físicamente impedidas.
La determinación del tribunal de instancia es correcta. Por otro lado, nos vemos precisados a señalar que es deplorable que casos como el de epígrafe ocupen el valioso tiempo de este tribunal y a los abogados del Estado cuando, a todas luces, el caso no tiene méritos. El Canon 17 del Código de Etica Profesional, 4 L.P.R.A. Ap. DC, C. 17, de los abogados dispone, entre otras cosas, que "la firma de un abogado en una alegación en un caso equivale a certificar que ha leído la alegación y que, de acuerdo con su mejor conocimiento, información y creencia, está bien fundada."
Por los fundamentos antes expuestos se confirma la decisión del Tribunal de Primera Instancia y se impone a la representación legal del apelante una sanción económica de CIEN DOLARES ($100) a favor del Estado Libre Asociado, a ser consignados en la Secretaría del Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de San Juan, con notificación a este Tribunal, dentro del término improrrogable de diez días de advenir final y firme esta sentencia.
REGISTRESE y NOTIFIQUESE.
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General
*1077 ESCOLIO 95 DTA 276
1. Contrario a lo dispuesto en la Regla 1-9 del Reglamento del Tribunal de Circuito de Apelaciones, el apéndice no contiene las páginas enumeradas, lo que podría ser una causa para desestimar un recurso.